UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RIVERA, | Case No.  2:25-cv-09744-SRM-ACCV |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT** |
| LOS ANGELES SHERIFF | |
| DEPARTMENT, et al., | |
| Defendant(s). | |

## **BACKGROUND**

On August 28, 2025, Plaintiff Angel Rivera ("Plaintiff"), proceeding *pro se*, filed a complaint against the Los Angeles Sheriff's Department, et al. ("Defendants"). (*Id*.)  On December 31, 2025, the Court dismissed the Complaint with leave to amend after screening the Complaint under 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a).  (Dkt. No. 12.)  The Court instructed Plaintiff to file a First Amended Complaint or return a Notice of Dismissal by January 30, 2026.  (*Id*.) On January 27, 2026, Plaintiff filed his First Amended Complaint. (Dkt. No. 18.) On February 24, 2026, Plaintiff filed a motion for leave to amend.  (Dkt. No. 19.) With the motion, Plaintiff also sought a 60-day extension to secure legal counsel.

(*Id.*)  On March 4, 2026, the Court denied Plaintiff's motion for leave to amend and granted in part the request for extension of time for 45 days, or until April 18, 2026 ("Order"). (Dkt. No. 21.)

On March 19, 2026, a copy of the Order mailed to Plaintiff was returned to the Court as undeliverable.  (Dkt. No. 22.)  On April 6, 2026, the Court ordered Plaintiff to provide the Court with an updated address on or before April 17, 2026, pursuant to Local Rule 41-6.  (Dkt. No. 23.)

As of the date of this order, Plaintiff has failed to show cause why this case should not be dismissed or to otherwise continue to participate in this litigation. Plaintiff has failed to inform the Court of an updated address and has not otherwise contacted the Court.

## DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v Wabash R.R. Co.*, 370 U.S. 626, 629-33, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.")

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 f.2d at 1260-61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal.  Plaintiff has not otherwise contacted the Court to relay whether Plaintiff has secured counsel or his efforts to secure counsel.  Plaintiff has failed to

inform the Court of an updated address. The failure to prosecute and follow court orders hinders the Court's ability to move this case forward toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonable delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanely*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* Dkt. Nos. 12, 23.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to inform the Court and opposing parties of his updated mailing address or otherwise cooperating with prosecuting this action.

Finally, while dismissal should not be entered unless plaintiff has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Circ. 1990), the Court has warned Plaintiff about the possibility of dismissal. (*See* Dkt. Nos. 12, 23.)

Accordingly, because it appears that Plaintiff has abandoned this litigation,

3

and because Plaintiff has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

**<u>ORDER</u>**

Based on the foregoing, IT IS ORDERED that Judgment be entered DISMISSING this case without prejudice.

Dated: May 15, 2026

HON. SERENA R. MURILLO
United States District Judge

Presented by:

HONORABLE ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4